# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| **GREGORY HUMPHREY,** : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : No. 7:19-cv-00025-HL-TQL <br> **SHAWN EMMONS,** : <br> : <br> Defendant. : <br> _____: | |

## ORDER

Plaintiff Gregory Humphrey, an inmate in Valdosta State Prison in Valdosta, Georgia, filed a civil rights complaint pursuant to 42 U.S.C. § 1983, and a motion for leave to proceed in this action *in forma pauperis*. Compl., ECF No. 1; Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 2. Plaintiff's motion for leave to proceed *in forma pauperis* was previously granted, and Plaintiff was directed to recast his complaint. Order to Recast Compl., ECF No. 6. Plaintiff has now filed his recast complaint, which is ripe for preliminary review. Recast Compl., ECF No. 7. On preliminary review, this Court concludes that Plaintiff has again failed to state a claim. Thus, the recast complaint is **DISMISSED WITHOUT PREJUDICE** as discussed below.

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," the Court is required to conduct a preliminary review of Plaintiff's recast complaint. See 28 U.S.C. § 1915A(a) (requiring the screening of prisoner cases) & 28 U.S.C. § 1915(e) (regarding *in forma pauperis*

proceedings). When performing this review, the district court must accept all factual allegations in the complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys," and thus, *pro se* claims are "liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under §1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

In his recast complaint, Plaintiff asserts that, when he came to Valdosta State Prison, he was placed in F-1 Administration Segregation. Recast Compl. 6, ECF No. 7. Since he has been at Valdosta State Prison, Plaintiff has written two letters to Defendant Warden Shawn Emmons on September 21, 2018, and November 21, 2018, explaining that Plaintiff is afraid for his life because, when he was previously housed at Valdosta State Prison in 2015, he was stabbed by two inmates, R. Dugger and J. Mathis, who still remain in Valdosta State Prison. *Id.* Plaintiff also told Warden Emmons that Plaintiff had been receiving letters and messages from gang members threatening to kill Plaintiff if he was released from administrative segregation lockdown. *Id.*

In light of the threats that he was receiving, Plaintiff asked Emmons to place Plaintiff in protective custody. *Id.* Emmons denied the request and, on October 30, 2018, assigned Plaintiff to Cell 71 with inmate Kendrick High as Plaintiff's cellmate. *Id.* Prior to Plaintiff being assigned to this cell, High had recently severely beaten his previous cellmate. *Id.* After Plaintiff was assigned to his cell, High began sexually harassing Plaintiff and taking Plaintiff's food. *Id.* at 7. Thereafter, Plaintiff tried to use the

3

grievance system to solve his problem on November 28, 2018, but his grievance was denied. *Id.* Accordingly, Plaintiff filed this action, asserting that Emmons has been deliberately indifferent to Plaintiff's safety. *Id.*

To state an Eighth Amendment claim for deliberate indifference to the plaintiff's safety, a prisoner must allege facts to show the existence of a prison condition that is extreme and poses an unreasonable risk the prisoner's health or safety. *See Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004). Additionally, the prisoner must allege facts to show that the defendant acted with deliberate indifference to the condition, which requires that the defendant knew that an excessive risk to health or safety existed, but disregarded that risk. *Id.* at 1289-90. If the defendant took action that reasonably responded to the risk, the defendant will not be held liable, even if the harm was not averted. *Id.* at 1290.

With regard to the threats from gang members, including the two inmates who previously stabbed Plaintiff, Plaintiff asserts that these other inmates threatened to hurt him if he leaves administrative segregation. Plaintiff does not, however, assert that he has been removed from administrative segregation or that he is likely to be removed from administrative segregation in the near future. Moreover, Plaintiff does not allege facts suggesting that the gang members otherwise have access to Plaintiff as long as he remains in administrative segregation. Thus, as before, Plaintiff has not alleged facts showing that the inmates who are threatening Plaintiff have contact with him, such that they have the ability to harm him. Accordingly, he has not asserted facts to show that these inmates constitute an excessive risk to Plaintiff's safety.

4

Furthermore, although Plaintiff alleges that Emmons has denied his requests to be put into protective custody, he does not assert that Emmons has taken Plaintiff out of administrative segregation or that he has otherwise allowed Plaintiff to be housed in proximity to the inmates who are threatening Plaintiff. As a result, Plaintiff has not asserted facts showing that Emmons disregarded any risk of harm to Plaintiff from the gang members. Therefore, he has not alleged facts showing that Emmons has been deliberately indifferent to Plaintiff's safety. Under these circumstances, Plaintiff has not stated a claim for relief based on the threats from gang members, including the two who previously stabbed Plaintiff.

Additionally, as to Plaintiff's cellmate, Plaintiff makes only a single vague allegation that his cellmate has sexually harassed him and taken his food. The allegation that High has sexually harassed Plaintiff, although minimal, is arguably sufficient to demonstrate that Plaintiff is at risk of unreasonable harm from his cellmate. Nevertheless, Plaintiff does not allege facts showing that Emmons was deliberately indifferent to this risk of harm.

In particular, the only allegation that Plaintiff makes with regard to something High had done previously to indicate that he might be violent was that High had severely beaten his previous cellmate. Assuming that Emmons was aware of the prior beating, this knowledge might show an awareness that High had a "generally problematic nature," but it does not suggest that High posed a specific risk of serious harm to Plaintiff. *See Carter v. Galloway*, 352 F.3d 1346, 1349-50 (11th Cir. 2003) (concluding that a defendant's knowledge of an inmate's history of disobedience and proclivity for violence was

5

insufficient to show that the defendant was aware of a substantial risk of harm to the plaintiff to meet the deliberate indifference standard; instead, plaintiff needed to show that the defendant was aware of a "particularized threat or fear felt by [the p]laintiff"). Thus, there are no facts suggesting that Emmons was aware that High might harm Plaintiff prior to assigning them to be cellmates.

Plaintiff also does not allege any facts to show that Emmons was aware of High sexually harassing Plaintiff or taking his food after they were assigned to a cell together. On that point, Plaintiff does not allege that he informed Emmons about the situation. Instead, Plaintiff asserts only that he tried to use the prison grievance system to remedy the issue, but he does not allege any facts showing that Emmons knew about his grievance or was otherwise aware of the situation. Thus, Plaintiff's complaint also does not state a deliberate indifference claim against Emmons based on the situation with Plaintiff's cellmate.

In light of the above, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted. Accordingly, his complaint is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim.[1]

---

[1]Plaintiff has filed a notice asserting that he has not been receiving mental health treatment and that, if the situation is not remedied, he intends to file a lawsuit against Emmons and additional defendants. Notice, Apr. 17, 2019, ECF No. 9. As Plaintiff clearly states in the filing that he intends it only as a notice of a potential lawsuit, it does not appear that he intended the notice to add claims to the present action. *See id.* Thus, no action is taken at this time with regard to the notice.

Plaintiff has also filed a letter asking the Court to send an investigator to speak with him regarding a homicide he purportedly witnessed. Letter, Apr. 11, 2019, ECF No. 8. Alternatively, he asks the Court to send his letter to the newspaper. *Id.* The Court's role

**SO ORDERED**, this 14th day of June, 2019.

                                              *s/ Hugh Lawson*
                                              HUGH LAWSON, SENIOR JUDGE

---

is to decide cases that are before it, not to help Plaintiff get in contact with investigators or the media.  Thus, this request is **DENIED**.